IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW T. ROMERO,

     Plaintiff,

v.                                                                                                                     No. 13-cv-0458 SMV

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

     Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 29] ("Motion"), filed on March 5, 2014. The Commissioner responded on April 30, 2014. [Doc. 30]. Plaintiff replied on May 28, 2014. [Doc. 31]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 33]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to apply the proper legal standards to the evaluation of Dr. Glass's opinion in formulating the residual functional capacity ("RFC") assessment. Therefore, the Motion will be granted, and the case will be remanded for further proceedings consistent with this opinion. *See* 42 U.S.C. § 405(g) (sentence four).

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

[the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## **Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity;" *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

**Procedural Background**

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on June 5, 2009. Tr. 10. Plaintiff alleged a disability-onset date of February 1, 2007. *Id.* His claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ Barry O'Melinn held a hearing on November 15, 2011, in Albuquerque, New Mexico. *Id.* Plaintiff appeared in person with his attorney, Bill Gordon.[3] *Id.* The ALJ took testimony from Plaintiff and an impartial vocational expert ("VE"), Elizabeth Wheeler,[4] who appeared by telephone. Tr. 27, 55–63.

The ALJ issued his unfavorable decision on March 13, 2012. Tr. 10–19. At step one, he found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 12. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, he found that Plaintiff suffered from the following severe impairments: "degenerative joint disease of the right hip; [and] degenerative disc disease of the lumbar and thoracic spine[.]" Tr. 12. At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 13.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 13–17. In making the RFC assessment, the ALJ relied on the medical opinions of agency consultants, Dr. Moedl and Dr. Glass. Tr. 14–15, 17. The ALJ found that "[Plaintiff] has the [RFC] to perform light work as defined in 20 [C.F.R §§] 404.1567(b) and

---

[3] Although Plaintiff was represented by Attorney Gordon at the administrative hearing, before this Court he is represented by Attorney Francesca J. MacDowell and the Michael Armstrong Law Office.
[4] The ALJ's decision identifies the VE as Larry Stokes. Tr. 10. However, the transcript of the hearing identifies her as Elizabeth Wheeler, Tr. 27, 55–63, and Ms. Wheeler's résumé appears in the record, Tr. 118–120, while Mr. Stokes's does not.

416.967(b) except that he can occasionally climb ramps or stairs; never climb ladders, ropes[,] or scaffolds; and he can occasionally balance, stoop, kneel, crouch[,] and crawl." Tr. 13. At step four, the ALJ found that Plaintiff could not return to any of his past relevant work. Tr. 17. At step five, based on Plaintiff's RFC, age, education, and work experience, the ALJ found that he was able to perform other jobs that exist in significant numbers in the national economy. Tr. 18. Specifically, he found that Plaintiff was able to perform the requirements of production worker, both unskilled (Dictionary of Occupational Titles ("DOT") number 706.684-042) and semi-skilled (DOT number 753.684-018). *Id.* Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and he denied the claims. Tr. 18–19. The Appeals Council denied Plaintiff's request for review on March 18, 2013. Tr. 1–3. Plaintiff timely filed the instant action on May 16, 2013. [Doc. 1].

## **Analysis**

The Motion will be granted, and the case will be remanded because, in formulating the RFC assessment, the ALJ impermissibly failed to discuss the weight that he assigned to Dr. Glass's opinion. Although Plaintiff alleges other errors,[5] the Court need not reach them. Those other alleged errors may be rendered moot by proper evaluation of Dr. Glass's opinion and the RFC assessment.

---

[5] Plaintiff additionally argues that the ALJ improperly rejected of the opinion of treating Clinical Nurse Specialist Hunter, [Doc. 29] at 14–16; failed to properly consider the records of Plaintiff's psychiatric hospitalization, *id.* at 16–17; failed to explain what weight he gave to opinions of Dr. Baum and Dr. Cherry, *id.* at 17–18; improperly failed to develop the record as to Plaintiff's psychiatric limitations, *id.* at 19–20; and failed to make the requisite findings on the transferability of skills at step five, *id.* at 21–23.

### In formulating the RFC assessment,
### the ALJ failed to properly explain how he weighed Dr. Glass's opinion

Plaintiff challenges the RFC assessment because it is inconsistent with the opinion of medical consultant K. Glass. [Doc. 29] at 12–14. The ALJ apparently relied on Dr. Glass's opinion in finding that Plaintiff was capable of less than a full range of light work with certain postural limitations[6] but without further limitation on walking and standing. Tr. 13. However, Dr. Glass had additionally opined that Plaintiff was limited to "standing and/or walking (with normal breaks) for a total of 4 hours in an 8-hour workday." Tr. 215. Of course, "to perform light work, . . . a person must be able to walk and/or stand for at least six hours of an eight-hour workday." *Helmer v. Barnhart*, 112 F. App'x 705, 709 (10th Cir. 2004) (unpublished) (citing SSR 83-10, 1983 WL 31251, at *6). By contrast, if a person can only "walk and/or stand for at least two hours of an eight-hour workday," he is not capable of light work and instead is capable only of sedentary work. *Helmer*, 112 F. App'x at 709 (citing SSR 96-9p, 1996 WL 374185, at *3). Plaintiff argues that the ALJ erred in failing to explain why he did not adopt Dr. Glass's opinion on Plaintiff's ability to stand and walk. [Doc. 29] at 13.

The Commissioner responds that substantial evidence supports the RFC assessment. [Doc. 30] at 4. Specifically, she argues that any inconsistency between the RFC assessment and Dr. Glass's opinion is immaterial because the ALJ never said that his RFC assessment would precisely match Dr. Glass's opinion. *Id.* (citing Tr. 17). Additionally, she argues that the ALJ was not required to adopt all of the limitations found by Dr. Glass. *Id.* at 5. Ultimately, the

---

[6] Plaintiff "can occasionally climb ramps or stairs; never climb ladders, ropes[,] or scaffolds; and he can occasionally balance, stoop, kneel, crouch[,] and crawl." Tr. 13 (ALJ's RFC assessment); *see also* Tr. 216 (Dr. Glass's opinion on Plaintiff's postural limitations).

6

Court agrees with Plaintiff that the ALJ failed to apply the correct legal standard in evaluating Dr. Glass's opinion and that remand is warranted.

Although ALJs are not required to discuss every piece of evidence, they are required to *discuss* the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)). Specifically, when assessing a plaintiff's RFC, an ALJ must explain what weight is assigned to each opinion and why. SSR 96-5p, 1996 WL 374183 at *5. "[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on [a specific] functional capacity . . . because the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." (alteration and internal quotation marks omitted))." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012); *see Wells v. Colvin*, 727 F.3d 1061, 1071 (10th Cir. 2013) (same). Nevertheless, "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Chapo*, 682 F.3d at 1292 (internal brackets omitted) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). Ultimately, though, ALJs are required to weigh medical source opinions and to provide "appropriate *explanations* for accepting or rejecting such opinions." SSR 96-5, 1996 WL 374183 at *5 (emphasis added); *see Keyes-Zachary,* 695 F.3d at 1161 (same) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)).

Here, the ALJ rejected Dr. Glass's opinion regarding Plaintiff's standing/walking limitation. Dr. Glass's opinion on the matter was uncontradicted by the record. No other

provider opined that Plaintiff could stand/walk more than four hours our of an eight-hour workday. Nevertheless, the ALJ improperly failed to explain why he rejected the limitation. Remand is warranted to correct the error.

### Conclusion

The Motion will be granted, and the case will be remanded for application of the proper legal standard to the evaluation of Dr. Glass's opinion in formulating the RFC assessment. The other errors alleged by Plaintiff may be affected by proper consideration of Dr. Glass's opinion and the consequent reconsideration of the RFC. Accordingly, those other alleged errors need not be addressed at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing [Doc. 29] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**